# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WALKER WHATLEY, | ) | |
| Petitioner, | ) | |
| vs. | ) | |
| | ) | |
| DUSHAN ZATECKY, Superintendent, | ) | No. 1:16-cv-134-TWP-MPB |
| | ) | |
| Respondent. | ) | |

**Entry Denying Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, Petitoner Walker Whatley's the Petition for Writ of Habeas Corpus must be dismissed for lack of jurisdiction. In addition, the Court finds that a certificate of appealability should not issue.

## I. DISCUSSION

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters,* 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). "Custody" is an essential element of habeas corpus relief. This requirement of "custody" is jurisdictional. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *United States ex rel. Dessus v. Common of Penn,* 452 F.2d 557, 559–60 (3rd Cir. 1971) ("the *sine qua non* of federal habeas corpus jurisdiction is that petitioner be 'in custody'"), *cert. den.,* 409 U.S. 853 (1972). More specifically, subject matter jurisdiction over habeas petitions exists only where, at the time the petition is filed, the petitioner is "in custody" under the conviction challenged in the petition. *Maleng v. Cook,* 490 U.S. 488, 490–91 (1989). A habeas petitioner does not remain "in custody"

once the sentence imposed for the conviction has "fully expired." *Id.* at 491; *see also Martin v. Deuth*, 298 F.3d 669, 671 (7th Cir. 2002) (quoting *Maleng,* 490 U.S. at 490).

Whether the petitioner is "in custody" is evaluated at the time the habeas petition is filed. *Levya v. Williams*, 504 F.3d 357, 363 (3d Cir. 2007). Once the petitioner has fully served a state-imposed sentence, he can no longer satisfy the "in custody" jurisdictional requirement. *Lackawanna Cnty. Dist. Attn'y v. Coss*, 532 U.S. 394, 401 (2001). However, a petitioner in custody under a series of consecutive sentences may seek federal habeas relief from any of those sentences, including sentences that have already run. *See Garlotte v. Fordice*, 515 U.S. 39, 40-41, 47 (1995); *Peyton v. Rowe,* 391 U.S. 54, 64-65 (1978). The Court has explained that "consecutive sentences should be treated as a continuous series." *Garlotte*, 515 U.S. at 40 (citing *Peyton*, 391 U.S. at 65).

The foregoing principles are easily applied in this case. Whatley was convicted of possession of cocaine and a firearm in the Marion Superior Court in 2002. He was later convicted in the same court, of a separate offense of possession of cocaine, in 2008. Whatley was discharged from custody on the 2002 conviction in October 2010. In this action, Whatley challenges his 2002 conviction. The instant Petition for Writ of Habeas Corpus was filed on January 15, 2016. The date this action was filed is the critical date for determining whether Whatley satisfies the "in custody" requirement under the federal habeas statute. Unfortunately for Whatley, he does not meet that requirement because his sentence for the 2002 drug offense expired long before this action was filed. The fact that Whatley was serving the sentence imposed for the 2008 offense when this action was filed in January 2016 is not determinative. The sentences for the 2002 conviction and the 2008 conviction were not ordered to be consecutively. (Dkts. 18-1 and 18-2).

Although Whatley's 2008 sentence may have been lengthened because of the 2002 conviction, it does not affect his "in custody" calculation. The Seventh Circuit has explained the law as follows:

> *Maleng* holds that when sentence A has expired but has been used to augment sentence B, the prisoner is "in custody" only on sentence B. The consequences of sentence A for sentence B do not yield continued "custody" *on sentence* A, the Court concluded. [However,] a person in custody on sentence B may contend that that custody violates the Constitution if it was augmented because of an invalid sentence A . . . . Whether the federal court with jurisdiction over the custodian holding the prisoner on sentence B may inquire into the validity of sentence A is a matter of comity and the rules of preclusion, not of "custody."

*Stanbridge v. Scott*, 791 F.3d 715, 721 (7th Cir. 2015) (quoting *Crank v. Duckworth*, 905 F.2d 1090, 1091 (7th Cir. 1990)). Therefore, the Seventh Circuit explained, a federal court "would have jurisdiction over [a] petition [challenging sentence B]." *Id.* However, the court "would be barred from addressing the merits of [the petitioner's] claim that his [sentence B] is predicated on an invalid prior conviction. That is because the question that [the Seventh Circuit] left open in *Crank*—'[w]hether the federal court with jurisdiction over the custodian holding the prisoner on sentence B may inquire into the validity of sentence A'—was definitively answered in the negative by the United States Supreme Court in . . . *Coss*." *Id.* In *Coss*, the Supreme Court "held that 'once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.'" *Stanbridge*, 791 F.3d at 721-22 (quoting *Coss*, 532 U.S. at 403). "'If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.'" *Id.* at 722 (quoting *Coss*, 532 U.S. at 403-04).

The Supreme Court has made it unmistakably clear that a § 2254 petitioner must, at the time his or her petition is filed, be "in custody" pursuant to the contested state conviction or sentence. *See Charlton v. Morris,* 53 F.3d 929, 929 (8th Cir.) (*per curiam* ) ("District Court was without jurisdiction to address the merits of . . . section 2254 petition because [the petitioner] . . . was no longer 'in custody' for his state conviction"), *cert. denied,* 516 U.S. 926 (1995).

Thus, as the authorities in this Entry show, the Supreme Court has held that if a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant may not collaterally attack his prior conviction through a motion under § 2255 or a § 2254 petition for writ of habeas corpus and the prior conviction may be regarded as conclusively valid. *Coss,* 532 U.S. at 403. Whatley was not in custody pursuant to the 2002 conviction at the time this action was filed. The fact that Whatley was later in custody pursuant to the 2008 conviction, and even the fact that the sentence for the 2008 conviction was enhanced because of the 2002 conviction, do not satisfy the "in custody" requirement with respect to the 2002 conviction challenged in this case.

## II. CONCLUSION

Because Whatley was not in custody pursuant to the 2002 conviction at the time this action was filed, his petition for writ of habeas corpus muse be **DENIED**. Judgment consistent with this Entry shall now issue in a separate order. A dismissal for lack of jurisdiction must be without prejudice, *Mains v. Citibank, N.A.*, 2017 WL 1160901, at *6 (7th Cir. Mar. 29, 2017), so that is the nature of the dismissal of the present case.

In addition, pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Whatley has failed

to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability.

  IT IS SO ORDERED.

Date: 4/10/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Electronic distribution to counsel of record via CM/ECF and by U.S. mail to:

WALKER WHATLEY
113772
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064